### No. 313

### SALATI v. UNITED STATES

United States Court of Appeals, 6th Circuit

No. 3714. Jan. 9, 1923

286 Fed. 125

INTOXICATING LIQUORS—(1) Invalidity of search warrant—(2) Evidence, procedure under invalid warrant—(3) No waiver of rights to say "go ahead" to officer supposed to have a valid warrant.

Denison and Donahue, C. J., and Peck, D. J.

Error to N. D. Ohio, E. D., Westenhaver, Dis. Judge

PER CURIAM.

### Epitomized Opinion

The plaintiff, Salati, was indicted for and convicted of having unlawful possession of distilled liquor fit for beverage purposes and intended for use in violation of the United States Prohibition Act. During the progress of the trial, a federal prohibition agent was called by the government and testified that he had had the clerk of the Youngstown municipal court issue the warrant upon hearsay, being a report which came into his office, but had no knowledge as to who made the report, nor as to its truth. Thereupon, the accused objected to the admission in evidence of any liquor found and seized by the searching officers upon authority of the search warrant. The objection was overruled and exceptions noted. The court of appeals in reveiwing the case in the district court held:

1. The uncontradicted testimony of the federal agent was that the search warrant was not issued by a person having authority to issue it, nor, as required by statute, upon probable cause, supported by affidavit.

2. There having been no dispute at the trial as to the facts which rendered the search warrant invalid, the defendant's objection to the admission of the liquor in evidence, which was made in the trial court, should not have been overruled as inviting a collateral issue.

3. As upon the presentation to Salati of what appeared to be a valid search warrant, he had no choice other than to permit the officers to make the search that the warrant purported to authorize. His words to them: "Go ahead, you have full liberty to go all through the place," cannot be construed as his invitation to search his premises without a search warrant, but rather show his intention not to offer resistance to the officers.

Judgment of the district court reversed and case remanded.

Attorneys—Oscar E. Diser, Youngstown (Craver, Diser, Huey & Starrs, on brief), for Salati; Berkley W. Henderson, Cleveland, for U. S.